| | |
|---|---|
| 1  DAPHNE E. BARBEE    2911<br>   Attorney at Law<br>2  1188 Bishop #1909<br>   Honolulu, HI. 96813<br>3  Telephone: (808) 533-0275 | HONORABLE SAMUEL P. KING<br>HONORABLE BARRY M. KURREN |

4  THOMAS M. GEISNESS  1878
   The Geisness Law Firm
5  Colman Building, Suite 675
   811 First Avenue
6  Seattle, WA. 98104
   Telephone: (206) 728-8866

7

Attorneys for Plaintiff-Intervenors

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 7 2006

at 10 o'clock and 55 min.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

and

ABDULLAH YAHIA, AHMED AL-MLHANY, AHMED ALMRAISI, NAGI A. ALZIAM, MUTHANA A. SHAIBI, NORK YAFAIE, and SAMED KASSAM,

Plaintiff-Intervenors,

v.

NCL AMERICA, INC., NORWEGIAN CRUISE LINE Ltd., and NORWEGIAN CORPORATION Ltd.,

Defendants.

NO. CV06-00451 SPK-BMK

COMPLAINT OF
PLAINTIFF-INTERVENORS

COMES NOW the Plaintiff-Intervenors Abdullah Yahia, Ahmed Al-Mlhany, Ahmed Almraisi, Nagi A. Alziam, Muthana A. Shaibi, Nork Yafaie, and Samed Kassam, and, for cause of action against the defendants, alleges and states as follows:

COMPLAINT OF PLAINTIFF-INTERVENORS - 1

**THE GEISNESS LAW FIRM**
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

## I. NATURE OF ACTION

1.1     This is an action to recover damages arising from unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*, the Civil Rights Act of 1991; 42 U.S.C. §1981; and Section 378-2 of Hawaii's Employment Practices Act, H.R.S. Chapter 378.

1.2     Plaintiff-Intervenors have an unconditional statutory right to intervene in this action pursuant to 42 U.S.C. §2000e-5(f)(1) and Federal Rule of Civil Procedure 24(a).

## II. PARTIES

2.1     Plaintiff Equal Employment Opportunity Commission ("Commission") is the agency of the United States charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action under §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

2.2     Plaintiff-Intervenor Abdullah Yahia is a resident of Tacoma, Washington. At all relevant times, Yahia was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.3     Plaintiff-Intervenor Ahmed Al-Mlhany is a resident of Dearborn, Michigan. At all relevant times, Al-Mlhany was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.4     Plaintiff-Intervenor Ahmed Almraisi is a resident of Tacoma, Washington. At all relevant times, Almraisi was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and

COMPLAINT OF PLAINTIFF-INTERVENORS - 2

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.5     Plaintiff-Intervenor Nagi A. Alziam is a resident of Brooklyn, New York. At all relevant times, Alziam was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.6     Plaintiff-Intervenor Muthana A. Shaibi is a resident of Brooklyn, New York. At all relevant times, Shaibi was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.7     Plaintiff-Intervenor Nork Yafaie is a resident of Brooklyn, New York. At all relevant times, Yafaie was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.8     Plaintiff-Intervenor Samed Kassam is a resident of Seattle, Washington. At all relevant times, Kassam was an "employee" within the meaning of 42 U.S.C. 2000e-(f) and was engaged in "employment" with defendants within the meaning of Hawaii Revised Statute §378-1.

2.9     At all relevant times, Defendant NCL America, Inc., a Delaware corporation, has been continuously doing business within the jurisdiction of the United States District Court for the District of Hawaii. Norwegian Cruise Line Ltd., a Bermuda corporation, is the parent corporation of Defendant NCL America, Inc.

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

2.10    Defendant NCL Corporation Ltd., a foreign corporation, is the parent corporation of Defendants NCL America, Inc., and Norwegian Cruise Line Ltd., and oversees their operations in the State of Hawaii. All the corporate entities are hereinafter collectively referred to as "Defendants."

2.11    At all relevant times, all Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g) and (h), and are employers within the meaning of Hawaii Revised Statute §378-1.

2.12    At all relevant times, all Defendants have continuously employed fifteen (15) or more persons.

### III.    JURISDICTION AND VENUE

3.1    This Court has original jurisdiction over the Plaintiff-Intervenors' federal claims under 28 U.S.C. § 1331.

3.2    This Court has supplemental jurisdiction over the Plaintiff-Intervenors' state law claims under 28 U.S.C. § 1367(a).

3.3    Venue is proper pursuant to 28 U.S.C. §1391(2) as all of the unlawful acts alleged herein occurred in the City and County of Maui, State of Hawaii and within the jurisdiction of the United States District Court for the District of Hawaii.

### IV.    FACTUAL ALLEGATIONS

4.1    More than thirty days prior to the institution of this lawsuit Plaintiffs filed charges with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendants. The Commission issued Letters of Determination finding the plaintiffs were

COMPLAINT OF PLAINTIFF-INTERVENORS - 4

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

discharged on the basis of their national origin (Yemeni/Middle Eastern) and/or religion (Muslim). All conditions precedent to the institution of this lawsuit have been fulfilled.

  4.2 More than thirty days prior to the institution of this lawsuit plaintiff Samed Kassam filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants. The Commission issued a Letter of Determination finding that plaintiff Samed Kassam was constructively discharged on the basis of his nation origin (Yemeni/Middle Eastern) and/or religion (Muslim). All conditions precedent to the institution of this lawsuit have been fulfilled.

  4.3 Since at least July 2004, Defendants have engaged in unlawful employment practices at its Hawaii facility, in violation of § 703(a) of Title VII, 42 U.S.C. §2000e-2(a), and Hawaii Revised Statute §378-2, by discharging the Plaintiffs on the basis of their national origin (Yemeni/Middle Eastern) and/or religion (Muslim).

  4.4 The effect of the actions complained of above has been to deprive the Plaintiffs and other individuals of equal employment opportunities and otherwise adversely affect their status as employees on the basis of their national origin (Yemeni/Middle Eastern) and/or religion (Muslim).

  4.5 The effect of the actions complained of above has been to deprive the Plaintiff Samed Kassam and other individuals of equal employment opportunities and otherwise adversely affect his status as employee on the basis of his national origin (Yemeni/Middle Eastern) and/or religion (Muslim).

  4.6 The unlawful employment practices complained of above were intentional.

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

4.7     The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Plaintiffs and other similarly situated individuals.

4.8     The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the rights of Plaintiffs and other similarly situated individuals that are protected by the laws of the State of Hawaii.

4.9     As a direct and proximate result of Defendants' aforesaid acts, Plaintiffs and other similarly situated individuals have each suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and damages, according to proof.

4.10    As a direct and proximate result of Defendants' aforesaid acts, Plaintiffs and other similarly situated individuals have each suffered a loss of earnings in amounts according to proof.

## V.     CLAIM ALLEGATIONS

### Employment Discrimination

5.1     Defendants' conduct, described above, constituted discrimination on the basis of Plaintiffs' national origin in violation of 42 U.S.C. §2000e-2(a).

5.2     Defendants' conduct, described above, constituted discrimination on the basis of Plaintiffs' religion in violation of 42 U.S.C. §2000e-2(a).

5.3     Defendants' conduct, described above, constituted discrimination on the basis of Plaintiffs' national origin in violation of §42 U.S.C. §1981.

5.4     Defendants' conduct, described above, constituted discrimination on the basis of Plaintiffs' ancestry in violation of Hawaii Revised Statute §378-2.

COMPLAINT OF PLAINTIFF-INTERVENORS - 6

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

5.5     Defendants' conduct, described above, constituted discrimination on the basis of Plaintiffs' religion in violation of Hawaii Revised Statute §378-2.

Intentional/Negligent Infliction of Emotional Distress

5.6     Defendants' negligently and/or intentionally and/or recklessly inflicted emotional distress on Plaintiffs. Defendants' actions were outrageous and directly and proximately caused Plaintiffs' injuries, including emotional distress.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

6.1     For special and general compensatory damages on all of their claims in an amount to be proven at trial;

6.2     For punitive damages for violation of 42 U.S.C §1981; 42 U.S.C. §§ 2000e-2(a) and H.R.S. 378-2.

6.3     For back pay.

6.4     For front pay and other past and future pecuniary losses.

6.5     For attorneys' fees and costs of suit, pursuant to 42 U.S.C. §§ 2000e-5(k) and/or the Laws of the State of Hawaii.

////

////

////

////

////

////

////

COMPLAINT OF PLAINTIFF-INTERVENORS - 7

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

## VII.  JURY DEMAND

7.1   Messrs. Yahia, Al-Mlhany, Almraisi, Alziam, Shaibi, Yafaie, and Kassam respectfully requests that this matter be tried to a jury of their peers.

DATED this ___26___ day of September, 2006 at Honolulu Hawaii.

_____
DAPHNE E. BARBEE
Attorney for Plaintiff-Intervenors

DATED this 25th day of September, 2006 at Seattle, Washington.

_____
THOMAS M. GEISNESS
Attorney for Plaintiff-Intervenors

COMPLAINT OF PLAINTIFF-INTERVENORS - 8

THE GEISNESS LAW FIRM
The Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104
(206) 728-8866; Fax (206) 728-1173

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> and <br><br> ABDULLAH YAHIA, AHMED AL MLHANY, AHMED ALMARAISI, NAGI A. ALZIAM, MUTHANA A. SHAIBI, NORK YAFAIE and SAMED KASSAM, <br><br> Plaintiffs-Intervenors, <br><br> v. <br><br> NCL AMERICA, INC., NORWEGIAN CRUISE LINE LTD. and NORWEGIAN CORPORATION LTD. <br><br> Defendants | CIVIL NO. CV06-00451 SPK-BMK <br><br> **SUMMONS** |

**SUMMONS**

TO:   NCL AMERICA, INC., NORWEGIAN CRUSE LINE LTD. and
      NORWEGIAN CORPORATION LTD.
      c/o Marr, Hipp, Jones & Wang
      Attorneys at Law
      1001 Bishop Street, Suite 1550
      Honolulu, Hawaii 96813

   **YOU ARE HEREBY SUMMONED** and required to serve on Plaintiffs-Intervenors'

Attorneys:

1

DAPHNE E. BARBEE         2911
1188 Bishop Street, #1909
Honolulu, Hawaii 96813

THOMAS M. GEISNESS       1878
The Geisness Law Firm
Colman Building, Suite 675
811 First Avenue
Seattle, WA 98104

an answer to the complaint of Plaintiffs-Intervenors which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____SUE BEITIA_____                    _____SEP 27 2006_____
CLERK                                       DATE

_____Annadhay_____
(By) DEPUTY CLERK