IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CIVIL NO. 06-00451 SPK-BMK |
| Plaintiff, and | ) ) ) ) |
| ABDULLAH YAHIA, ET AL. | ) ) |
| Plaintiffs-Intervenors | ) ) |
| vs. | ) ) |
| NCL AMERICA INC., ET AL. | ) ) |
| Defendants. | ) ) ) |

ORDER RULING IN PART ON DEFENDANTS' MOTIONS TO PARTIALLY DISMISS PLAINTIFF AND PLAINTIFF-INTERVENOR'S COMPLAINTS, SET FOR HEARING ON AUGUST 15, 2007

Defendants seek partial dismissal of (1) Plaintiff Equal Employment Opportunity Commission's (EEOC's) Complaint filed August 22, 2006, and (2) Plaintiff-Intervenors' Complaint filed November 22, 2006.  The matters are set for hearing on August 15, 2007.

1

Two primary issues are presented. First, Defendants seek to dismiss Defendant Norwegian Cruise Line Ltd., and Defendant Norwegian Corporation Ltd. because they were not named as respondents in the prior administrative EEOC complaints. Rather, the EEOC complaints named only Defendant NCL America, Inc. as the respondent. This non-naming of Defendants Norwegian Cruise Line Ltd., and Norwegian Corporation Ltd., raises failure-to-exhaust-administrative-remedies issues under Title VII. See, e.g., Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990) (stating general rule that Title VII claims may only proceed against parties named as respondents during prior administrative proceedings); Nowick v. Gammell, 351 F. Supp. 2d 1025, 1036 (D. Haw. 2004).

The second issue concerns whether the state-law claims under Haw. Rev. Stat. § 378-2 of Plaintiff-Intervenors Alzaim, Kassam, Shaibi, and Yafaie should be dismissed because timely charges were not filed with the Hawaii Civil Rights Commission within the 180-day time period in Haw. Rev. Stat. §§ 378-4 and 368-11(c).

The first issue regarding Defendant Norwegian Cruise Line Ltd., and Defendant Norwegian Corporation Ltd. requires analyzing whether any of the exceptions to the exhaustion requirement apply as set forth in cases such as Nowick, 351 F. Supp. 2d at 1036-37. The exceptions appear to be (1) whether the

parties not named in the EEOC complaint nevertheless "were involved in the acts giving rise to the EEOC claims," (2) whether there are "facts in the EEOC charge . . . from which it could be inferred that the unnamed party violated Title VII," (3) whether "the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,'" (4) whether "the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings," (5) whether the previously unnamed defendants "should have anticipated that the claimant would name those defendants in a Title VII suit." Id. (citations omitted).  A factor in whether there is an employment relationship appears to be whether the unnamed defendants had a right to control the means and manner of the worker's performance.  Id. at 1037.

     Upon review of the current motions, oppositions, and replies, the Court construes the motions (at least as to the first issue) so as to require application of summary judgment standards because matters outside the pleadings are to be considered.  The Court therefore considers the evoking of Fed. R. Civ. P. 56(f) to be appropriate under current circumstances because a discovery dispute is pending before U.S. Magistrate Judge Barry M. Kurren regarding information that may be directly pertinent to whether any of the exceptions set forth above could apply. (Motions to Compel are set for hearing before Judge Kurren on September 14,

2007.)  Given such a dispute, the Court declines to rule now as a matter of law that Plaintiff and Plaintiff-Intervenors cannot satisfy any of the exceptions set forth in Nowick.  The Court therefore DENIES WITHOUT PREJUDICE Defendants' Motions in part (as to the first issue).  Defendants may if appropriate renew their motions in this regard later, after the pending discovery disputes are resolved.  Oral argument is not necessary for the Court to decide the first issue in the present posture.

The second issue, however, does not depend upon pending discovery matters.  The question appears to be whether this Court should apply the "single-filing" rule set forth in cases such as Foster v. Rhurpumpen, Inc., 365 F.3d 1191, 1197-98 (10th Cir. 2004) and, if so, whether the rule would or could apply to the four Plaintiff-Intervenors at issue (Alzaim, Kassam, Shaibi, and Yafaie) under Hawaii law so as to excuse the 180-day filing requirement set forth in Haw. Rev. Stat. § 368-11(c).  This issue remains open and the Court will entertain oral argument on this second issue at the hearing on August 15, 2007.

To summarize, the Court (1) DENIES WITHOUT PREJUDICE Defendants' Motions [CR 30, 31] in part (as to the first issue) and (2) will consider and resolve

the second issue after hearing oral argument on August 15, 2007.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 8, 2007.



_____
Samuel P. King
Senior United States District Judge

EEOC v. Yahia et al., Civ. No. 06-451 SPK-BMK, ORDER RULING IN PART ON DEFENDANTS' MOTIONS TO PARTIALLY DISMISS PLAINTIFF AND PLAINTIFF-INTERVENOR'S COMPLAINTS, SET FOR HEARING ON AUGUST 15, 2007