IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 06-00451 SOM/BMK CIVIL NO. 07-00372 SOM/BMK |
| Plaintiff, | ) ) | |
| and | ) ) | |
| AHMED ALMRAISI, NAGI A. ALZIAM, SAMED KASSAM, MUTHANA A. SHAIBI, NORK YAFAIE, ABDULLAH YAHIA, AHMED AL-MLHANY, | ) ) ) ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT NCL AMERICA, INC. |
| Plaintiffs-Intervenors, | ) ) | |
| vs. | ) ) | |
| NCL AMERICA, INC., and NCL (BAHAMAS), LTD., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| | ) ) | |
| ASHMED ALMLHANY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| NCL AMERICA, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT NCL AMERICA, INC.

I.     INTRODUCTION.

Before the court is a motion for partial summary

judgment filed by the Equal Employment Opportunity Commission in

an employment discrimination case.

In 2004, Plaintiffs-Intervenors were employed by the cruise ship MS Pride of Aloha, which is owned and operated by NCL America, Inc. ("NCL America").  In July 2004, the Plaintiffs-Intervenors were discharged or constructively discharged, allegedly based on their national origin (Yemeni/Middle Eastern) and/or religion (Muslim).

On August 22, 2006, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a complaint against NCL America,[1] alleging, among other things, employment discrimination in violation of Title VII of the Civil Rights Act.  On October 23, 2006, Defendant NCL America filed its Answer to the Complaint, asserting twenty-three defenses.

The court now considers the EEOC's motion for partial summary judgment on eighteen of NCL America's defenses. Plaintiff EEOC's Motion for Partial Summary Judgment Against Defendants NCL America, Inc., and NCL Corporation Ltd. and Norwegian Cruise Line, Limited (Nov. 27, 2007)("Motion").  In its opposition, NCL America withdraws a number of the defenses and

---

[1]  The Complaint was originally filed against NCL America, NCL Corporation Ltd. ("NCL Corp."), and Norwegian Cruise Line, Limited ("Norwegian Cruise Line").  NCL Corp. and Norwegian Cruise Line are no longer parties in this suit; however, on February 15, 2008, Plaintiff EEOC filed an Amended Complaint adding NCL (Bahamas) Ltd. ("NCL Bahamas") as a defendant.  See Doc. Nos. 287, 300, 302.  In its Reply, the EEOC asks the court to apply this present motion to NCL Bahamas.  The court declines to do so, as NCL Bahamas has not had an opportunity to respond to the arguments made in the EEOC's motion.

argues that the EEOC is not entitled to summary judgment on the remaining defenses.  Defendants NCL America, Inc. and Norwegian Cruise Line Ltd.'s Opposition to Plaintiff EEOC's Motion for Partial Summary Judgment (Feb. 7, 2008) ("Opp'n").

NCL America's third, fourth, fifth, sixth, eleventh, twelfth, and nineteenth defenses have either been withdrawn[2] or rendered moot by this court's previous orders.  The court has also considered arguments raised by NCL America's first, fifteenth, sixteenth, and seventeenth defenses in its earlier orders, and the court grants the EEOC's Motion with regard to NCL America's first, fifteenth, sixteenth, and seventeenth defenses to the extent they challenge the sufficiency of the pleading (but not as to substantive issues).

Remaining before the court in this present motion are the seventh, eighth, ninth, tenth, twentieth, twenty-first, and twenty-third defenses.  Because the court concludes that the EEOC has fulfilled its statutory obligation to investigate as a condition precedent to bringing suit, the court grants the Motion with regard to NCL America's seventh, eighth, ninth, and tenth defenses.  NCL America's twentieth and twenty-third defenses are

---

[2] In withdrawing several defenses that were never the subject of any ruling in this case, NCL America gives no explanation for having waited so long to announce the withdrawal. The defenses were the subject of earlier interrogatories, and NCL America could have withdrawn the defenses in responding to those interrogatories, instead of waiting for a motion.

not valid affirmative defenses, and the court grants summary
judgment to the EEOC on these defenses.  Lastly, the court
concludes that the EEOC can proceed on a classwide basis without
certifying a class under Rule 23 of the Federal Rules of Civil
Procedure and grants the EEOC summary judgment on the twenty-
first defense.

II.      BACKGROUND FACTS.

          The factual background of this case was summarized in
this court's previous orders.  See Feb. 1, 2008, Order at 9-13;
Feb. 20, 2008, Order at 7-13.  Those facts are incorporated into
this order and supplemented as necessary.

          Between September 2004 and May 2005, Plaintiffs-
Intervenors filed charges of discrimination with the Equal
Employment Opportunity Commission ("EEOC") against NCL America.
Ex. 2 (attached to Motion).  On April 22, 2005, an EEOC
investigator, Raymond Griffin, interviewed two Plaintiffs-
Intervenors, Abdullah Yahia and Ahmed Almraisi.  Deposition of
Raymond Griffin Jr. (May 1, 2007) ("Griffin Dep.") at 13, 16-18.
Griffin interviewed Yahia and Almraisi separately, both over the
telephone and in the presence of their attorney.  Id.  During the
interview, Griffin took notes and, that same day, typed up the
interview notes.  See Ex. B (attached to Opp'n).  Griffin's notes
indicate that Yahia and Almraisi had similar experiences on the
date of discharge.  Both were awakened by a security guard,

4

questioned by the FBI, then told by the security guard to "get off the ship." See id.  Although Griffin's description of what happened to Yahia is similar to his description of what happened to Almraisi, Griffin also notes distinctions between the two in his notes, such as how Almraisi responded to the security guard, and the amount of money that each was paid upon leaving the ship.

On October 18, 2005, the EEOC issued six letters of determination, finding reasonable cause that Plaintiffs-Intervenors were discharged on the basis of their national origin and religion.  Ex. 3 (attached to Motion).  On November 22, 2005, the EEOC issued a letter of determination on behalf of Plaintiff-Intervenor Samed Kassem, finding reasonable cause that Kassem had been constructively discharged based on his national origin and religion.  Id.

III.    LEGAL STANDARD.

The summary judgment standard is set forth in this court's earlier order.  See Feb. 1, 2008, Order at 6-9.  The standard is incorporated herein by reference.

IV.    ANALYSIS.

A.    Third Defense--Statute of Limitations.

In light of the dismissal of NCL Corp. and Norwegian Cruise Line, the third defense (raising the statute of limitations) is now moot.  Opp'n at 1-2.

B.   Fourth and Seventh Defenses--Equitable Doctrines
and Failure to Exhaust Administrative Remedies.

NCL America clarifies that its fourth defense, which
cites "equitable doctrines of waiver, estoppel, laches, and/or
unclean hands," is moot in light of the dismissal of NCL Corp.
and Norwegian Cruise Line.  Remaining, however, is NCL America's
seventh defense of failure to exhaust administrative remedies and
other internal remedies or processes.  Id. at 2.  Asserting that
the EEOC failed to satisfy the conditions precedent to bringing
suit, NCL America points to what it says is the EEOC's failure to
conduct a genuine investigation.  See id. at 3-6.  NCL America
claims that the EEOC investigation was inadequate because (1) the
EEOC only interviewed two of the seven charging parties, (2) the
interviews of the two charging parties took place only during a
single telephone call, (3) the EEOC never inquired into whether
the charging parties had ever engaged in wrongful conduct, (4)
the EEOC generated "materially identical interview notes" for the
two interviewed charging parties, and (5) the EEOC provided no
evidence as to whether NCL America knew of the charging parties'
religions.  Id. at 2-3.

Prior to bringing a Title VII suit, the EEOC must
satisfy certain conditions precedent: (1) the EEOC must receive a
charge of an unlawful employment practice; (2) the EEOC must
notify the employer of the alleged wrongful act and conduct an
investigation to determine whether there is reasonable cause to

6

believe the charge is true; (3) the EEOC must engage in "informal methods of conference, conciliation, and persuasion" to eliminate the alleged unlawful practices; and (4) if the conciliation efforts are unsuccessful, the EEOC must notify the employer in writing.  EEOC v. Pierce Packing Co., 669 F.2d 605, 607 (9th Cir. 1982) (quoting 42 U.S.C. § 2000(e)-5); see also id. at 608 ("Genuine investigation, reasonable cause determination and conciliation are jurisdictional conditions precedent to suit by the EEOC . . . .").

In Pierce Packing Co., the court concluded that the EEOC could not bring suit when there was a complete failure to investigate or  conciliate.  The EEOC sued in federal court to enforce a settlement agreement that was entered into before the EEOC conducted any independent investigation or issued a reasonable cause determination.  The EEOC's failure to conduct any investigation or issue a reasonable cause determination led the Ninth Circuit to be concerned that the EEOC was using the settlement agreement "as a springboard to court enforcement." Id.  Although the Ninth Circuit emphasized the necessity of an independent EEOC investigation, reasonable cause determination, and conciliation, the court did not specify the level of investigation or conciliation that the EEOC was required to engage in to satisfy the conditions precedent to suit.

One court has concluded that, under <u>Pierce Packing Co.</u>, only "<u>some</u> investigation" of the charge filed is required.  <u>EEOC v. Nestle Co.</u>, 1982 WL 234 at *1 (E.D. Cal. Mar. 23, 1982).  In <u>Nestle</u>, the EEOC only investigated gender discrimination in "blue-collar" positions.  Nevertheless, when the EEOC brought suit, it expanded the scope of its action to include gender discrimination in white-collar positions.  The court concluded that the investigation was adequate, noting that the employer had not provided any "discernible standard" for determining the adequacy of an EEOC investigation.  <u>Id.</u>

This court has not found Ninth Circuit authority addressing challenges to the adequacy of an EEOC investigation.  Recently, however, a United States District Court in the District of Nevada concluded that "an employer may not litigate the adequacy of the EEOC's investigation and determination."  <u>EEOC v. Gold River Operating Corp.</u>, 2007 WL 983853 at *3 (D. Nev. Mar. 30, 2007).  In doing so, the court looked to decisions of other circuits.  The Sixth Circuit, for example, has previously held that courts should not look to the sufficiency of an EEOC investigation, as the investigation does not go to the merits of the litigation, and only puts the employer on notice and provides a background for conciliation efforts.  <u>See</u> <u>EEOC v. Keco Indus., Inc.</u>, 748 F.2d 1097, 1100 (6th Cir. 1984).  Similarly, the Seventh Circuit has stated that a "determination of reasonable

8

cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation." EEOC v. Harvey L. Walner & Assocs., 91 F.3d 963, 968 n.3 (7th Cir. 1996); see also EEOC v. Chicago Miniature Lamp Works, 526 F. Supp. 974, 975 (N.D. Ill. 1981) (noting that allowing a defendant to challenge the EEOC's reasonable cause determination would "effectively make every Title VII suit a two-step action").

In a related context, courts have held that a deferential standard of review should apply when EEOC conciliation efforts are challenged as inadequate. In EEOC v. Hometown Buffet, Inc., 481 F. Supp. 2d 1110 (S.D. Cal. 2007), the court concluded that "substantial discretion [is] to be vested in the EEOC," and that the "court's role is limited to reviewing whether the EEOC's [conciliation] efforts afforded the employer an opportunity to confront the issues." Id. at 1113, 1115; Keco Indus., 738 F.2d at 1102 ("The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review."); see also EEOC v. Grimway Enter., Inc., 2007 WL 1725660, at *6 (E.D. Cal. June 12, 2007).

In Hometown Buffet, the court, examining what standard to apply in reviewing a challenge to EEOC conciliation efforts, considered the legislative history of the statutory scheme as well as the traditional deference afforded administrative agencies.  See Hometown Buffet, 481 F. Supp. 2d at 1113-14. Applying a deferential standard of review, the court concluded that the EEOC had fulfilled its statutory obligation to conciliate even though the EEOC had refused to disclose the factual basis for its discrimination determination and had sought the maximum statutory penalties during conciliation efforts.  Id. at 1114-15.  The court declined to inquire into the substance and form of the conciliation efforts even after noting the "EEOC's rigid and preemptive attitude," which "did not serve as an effective conciliation technique."  Id.

Taken together, the cases stand for the proposition that an EEOC investigation--although a condition precedent to the EEOC's bringing of a lawsuit--simply requires that some investigation be made, and that challenges to the adequacy of the investigation are subject to a deferential standard of review. Here, the EEOC investigator, Griffin, interviewed two of the seven charging parties.  Given the similar experiences of the charging parties and the nearly simultaneous discharges, the EEOC investigator could have inferred that interviews with the remaining charging parties would have yielded similar accounts.

10

While the interviews were conducted over the telephone, the EEOC investigator also ensured that the interviews were conducted separately.  Griffin Dep. at 16-18.  Thus, without inquiring into the substance of the EEOC investigation, the court is satisfied that the EEOC engaged in <u>some</u> investigation.

NCL America argues that "where an investigation does not include meaningful participation by the charging party, this deficiency is the basis for dismissal."  Opp'n at 4.  NCL America cites to <u>Shikles v. Sprint/United Management Co.</u>, 426 F.3d 1304 (10th Cir. 2005), in which the Tenth Circuit dismissed the case for lack of jurisdiction when the charging party failed to exhaust administrative remedies.  In <u>Shikles</u>, the court concluded that the charging party failed to exhaust administrative remedies when he "never provided the [EEOC] investigator with any information on his claim of discrimination" beyond that contained in the EEOC charge.  <u>Id.</u> at 1307.  Similarly, NCL America cites to <u>Dates v. Phelps Dodge Magnet Wire Co.</u>, 604 F. Supp. 22, 27 (N.D. Ind. 1984), and <u>Green v. Heidelberg U.S.A.</u>, 854 F. Supp. 511, 513 (N.D. Ohio 1994), in which Title VII lawsuits were dismissed when the claimants "wholly failed to respond in any manner" to the EEOC investigation.  <u>Dates</u>, 604 F. Supp. at 24.  These cases are consistent with the decision in <u>Nestle</u>, in which the court concluded that <u>some</u> investigation is required to

fulfill the condition precedent of investigation.  <u>Nestle</u>, 1982 WL 234 at *1.

In the cases cited by NCL America, there was an absence of any investigation.  Here, however, NCL America does not even suggest that the EEOC failed to engage in any investigation.  The court therefore concludes that the EEOC fulfilled its investigatory obligation.  Unlike in the cases cited by NCL America, the EEOC in this case clearly undertook some investigatory efforts by interviewing two of the charging parties separately over the phone, writing reports of the interviews, and issuing seven separate letters of determination.

Lastly, to the extent NCL America separately challenges the adequacy of the EEOC investigation with regard to Plaintiff-Intervenor Samed Kassem's constructive discharge claim, the court also concludes that the EEOC satisfied the conditions precedent to bringing suit on behalf of Kassem.

Even assuming that the EEOC did not separately investigate Kassem's constructive discharge claim, the Ninth Circuit has been clear that "the jurisdiction for [a] court action is not limited to the actual EEOC investigation, but can include the scope of an 'EEOC investigation which <u>can reasonably be expected to grow out of the charge of discrimination</u>.'"  <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1456 (9th Cir. 1990) (quoting <u>Kaplan v. Int'l Alliance of Theatrical and Stage Employees and Motion</u>

Picture Mach. Operators, 525 F.2d 1354, 1359 n.3 (9th Cir. 1975))
(emphasis in original); see also Nestle, 1982 WL 234 at *1.  In
Sosa, the court concluded that allegations arising after the EEOC
charge were "like or reasonably related to" the original EEOC
charge filed, such that the new charges could be brought in the
lawsuit even if they were not investigated.  Id. at 1457.

　　　　Here, not only did Kassem file an EEOC charge alleging
constructive discharge based on his national origin and religion,
but the EEOC also issued a separate letter of determination
finding reasonable cause that Kassem was constructively
discharged for discriminatory reasons.  The separate letter of
determination suggests that the EEOC considered Kassem's charge
in its investigation and, more importantly, that NCL America was
on notice that Kassem's claim concerned a constructive discharge.
It is also clear that Kassem's claim--allegedly arising from the
same context as Plaintiffs-Intervenors' actual discharge claims--
were reasonably related to the other allegations of
discrimination.

　　　　Accordingly, the court concludes that the EEOC
fulfilled its condition precedent of investigating the EEOC
charge prior to bringing suit.  The EEOC's motion for summary
judgment on the seventh defense is granted.  This does not mean,
of course, that evidence regarding the EEOC's investigation is

inadmissible for purposes other than establishing a defense. This ruling only affects ths viability of the seventh defense.

      C.   Fifth Defense--After-Acquired Evidence.

      NCL America's fifth defense concerns the after-acquired evidence doctrine.  This defense has been rendered moot by the court's earlier order of February 20, 2008.

      D.   Sixth Defense--Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999).

      NCL America has withdrawn the sixth defense.  Opp'n at 6.

      E.   Eighth and Ninth Defenses--Failure to Exhaust Administrative Remedies.

      NCL America clarifies that the eighth and ninth defenses (raising exhaustion) are now moot with regard to NCL Corp. and Norwegian Cruise Line, but asserts that the charging parties failed to exhaust administrative remedies against NCL America because the EEOC failed to "conduct a cognizable investigation."  Opp'n at 7.

      The Ninth Circuit has concluded that "failure to file an EEOC charge is not jurisdictional but is merely a condition precedent to suit."  Albano v. Schering-Plough Corp., 912 F.2d 384, 387 (9th Cir. 1990).  Thus, a "plaintiff is not barred from bringing suit by the EEOC's allegedly incomplete investigation or less than vigorous attempts at conciliation."  Waters v. Heublein, Inc., 547 F.2d 466, 468 (9th Cir. 1976).

Moreover, the court has already determined that the EEOC fulfilled its statutory obligation of conducting an investigation prior to bringing suit.  The court therefore grants the EEOC's motion on the eighth and ninth defenses.

F.    Tenth Defense--Lack of Jurisdiction.

NCL America asserts in its tenth defense that the court lacks jurisdiction because of the inadequacy of the EEOC investigation.  As this court has already considered this argument and determined that the EEOC fulfilled its condition precedent of investigation prior to bringing suit, the court grants the EEOC summary judgment on this claim.

G.    Eleventh Defense--Legal or Proximate Cause.

NCL America has withdrawn the eleventh defense.  Opp'n at 8.

H.    Twelfth Defense--Intervening and/or Superseding Causation.

The twelfth defense has been withdrawn.  Id.

I.    First, Fifteenth, Sixteenth, and Seventeenth Defenses--Failure to State a Claim.

The crux of NCL America's first, fifteen, sixteenth, and seventeenth defenses is that the EEOC has failed to state a claim upon which relief may be granted because NCL America acted for legitimate, nondiscriminatory reasons when discharging Plaintiffs-Intervenors.  Opp'n at 9-10.

In this court's February 20, 2008, Order, this court determined that Plaintiffs have presented evidence demonstrating that there are genuine issues of material fact regarding NCL America's proffered reasons.  To the extent the defenses are Rule 12(b)(6) pleading challenges, the defenses fail.  However, to the extent the EEOC wants summary judgment on the substantive issues raised by the defenses, the court denies the EEOC summary judgment and leaves those matters for trial.

     J.    Nineteenth Defense--Common Law Privileges and Immunities.

NCL America has withdrawn the nineteenth defense. Opp'n at 10.

     K.    Twentieth Defense--Evidence Not Made Available.

NCL America alleges that the EEOC's claims are barred "to the extent that evidence necessary for Defendants' defense is not made available."  Opp'n at 10.  NCL America argues that the EEOC failed to timely produce documents with regard to the EEOC's write-up of an interview conducted with eyewitness Eric Tedtaotao, as well as the EEOC's correspondence with Plaintiffs-Intervenors' counsel.

The EEOC responds that there is no legal authority in support of this "purported defense," that NCL America has had the opportunity to "conduct extensive discovery," and that there is "no evidence that the EEOC has improperly withheld discovery." Reply at 10.

NCL America's concern is more properly addressed in a
motion for discovery sanctions, not as an affirmative defense.
The court grants the EEOC's motion with regard to the twentieth
defense, without prejudice to the filing of any discovery motion.

    L.    Twenty-First Defense--Proceeding as a Class
        Action.

In its twenty-first defense, NCL America asserts that
the EEOC has failed to satisfy the requirements of proceeding as
a class action, and that the EEOC should not be permitted to
litigate on behalf of unnamed individuals because there has never
been a factual allegation of discrimination on a classwide basis.
Opp'n at 15-16.   NCL America takes issue with the EEOC's
Complaint, which alleges that it is proceeding on behalf of
Plaintiffs-Intervenors and "other similarly situated
individuals." Id. at 16; see also Complaint at 2.   The EEOC
responds that "Rule 23 class certification is not required in
action brought by the Commission."  Reply at 10.

In General Telephone Co. of the Northwest, Inc., v.
EEOC, 446 U.S. 318, 333 (1980), the Supreme Court concluded that
the EEOC may seek classwide relief without certifying a class
under Rule 23 of the Federal Rules of Civil Procedure.   In
General Telephone, four employees filed sex discrimination
charges with the EEOC.  The EEOC issued a reasonable cause
determination finding that the employer had discriminated against
female employees.  The Court concluded that the EEOC could seek a

17

permanent injunction against the discriminatory practices, remedial action to address the past discrimination, and backpay for those who had been discriminated against, even without first undergoing Rule 23 certification.  See id. at 334-35.  The Court emphasized that the "EEOC is not merely a proxy for the victims of discrimination" and that the EEOC acts "to vindicate the public interest in preventing employment discrimination."  Id. at 336.  In 2000, the Ninth Circuit reaffirmed the holding in General Telephone, concluding that the EEOC did not need to seek class certification under Rule 23, even when the EEOC was suing for damages in addition to equitable relief.  EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 587 (9th Cir. 2000).

In EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539 (9th Cir. 1987), the Ninth Circuit noted that "Section 706(g) authorizes the EEOC to seek class action-type relief without complying with Fed. R. Civ. P. 23, even when it only alleges individual acts of discrimination."  Id. at 1543 (emphasis added).  In Goodyear, an aggrieved employee alleged racial discrimination, and the EEOC determined that reasonable cause supported a finding that the employer had discriminated against the employee.  Id. at 1541.  The employee subsequently entered into a private settlement agreement with the employer, which disposed of the employee's claim of discrimination.  When the EEOC sought to enjoin the employer from future discrimination

18

against similarly situated individuals, the Ninth Circuit concluded that the employee's settlement did "not moot the EEOC's right of action seeking injunctive relief to protect employees as a class and to deter the employer from discrimination."  Id. at 1543.

Similarly, in EEOC v. Waffle House, Inc., 534 U.S. 279 (2002), the employer required its employees to sign an agreement subjecting all disputes to binding arbitration.  An employee filed a charge of discrimination with the EEOC, and the EEOC-- without the aggrieved employee--filed suit seeking injunctive relief to address past and future unlawful practices, specific relief for the employee, and punitive damages.  Id. at 283.  The Court considered whether the employee's arbitration clause limited the remedies available to the EEOC.  The Court noted that the "EEOC is the master of its own case" and concluded that the arbitration clause did not bar the EEOC from pursuing victim- specific judicial relief, which included backpay, reinstatement, and damages.  Id. at 291, 295-97.

NCL America contends that, unlike the EEOC investigation and determination in General Telephone, "there has never been any factual allegation of discrimination on a class- wide basis: The underlying charges involved a highly discrete discriminatory action as to the seven Intervenors."  Opp'n at 16. The court need not address whether the EEOC adequately alleged

discrimination on a classwide basis.  In <u>Goodyear</u>, the Ninth

Circuit was clear that the EEOC could pursue class-action type

injunctive relief even when the EEOC allegation and investigation

only concerned individual discrimination.

Further, the Supreme Court and the Ninth Circuit have

granted the EEOC great latitude in pursuing different remedies as

a means of vindicating the public interest.  <u>See</u>, <u>e.g.</u>, <u>Waffle</u>

<u>House</u>, 534 U.S. at 296 ("[W]henever the EEOC chooses from among

the many charges filed each year to bring an enforcement action

in a particular case, the agency may be seeking to vindicate a

public interest, not simply provide make-whole relief for the

employee, even when it pursues entirely victim-specific

relief.").

NCL America cites to <u>EEOC v. Jillian's of Indianapolis</u>,

279 F. Supp. 2d 974, 980-81 (S.D. Ind. 2003), in arguing that the

EEOC should be barred from litigating "on behalf of unnamed

classes of individuals who were not reasonably within the scope

of the investigation."  In <u>Jillian's</u>, the EEOC sought to bring

suit on behalf of a nationwide class of individuals against all

of Jillian's facilities, even though the charges and

investigation related only to Jillian's of Indianapolis.  The

court concluded that the nationwide class of plaintiffs did not

reasonably grow out of its investigation and, thus, that the EEOC

suit could only go forward against the Indianapolis site.  <u>Id.</u> at

979-80.  Unlike <u>Jillian's</u>, the EEOC does not seek to bring suit against an employer it has never investigated.  Here, the EEOC brings suit on behalf of similarly situated individuals against only the employing entity or entities.  Further, given the great latitude the EEOC has in seeking remedies the EEOC believes will address both past and future discrimination, the EEOC can seek classwide relief based on discrete acts of determination.

The court thus grants the EEOC's motion with regard to the twenty-first defense.

      M.    Twenty-Third Defense--Preservation of Affirmative Defenses.

In its twenty-third defense, NCL America seeks to preserve the right to raise affirmative defenses that become apparent as the result of discovery.  Opp'n at 17.  The EEOC objects to this defense, arguing that there is neither factual nor legal authority that supports such a defense.  The EEOC argues that NCL America has had an opportunity to conduct discovery, and there is no evidence of improper withholding of discovery by the EEOC.  Reply at 11-12.

Under the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, parties are required to give a "short and plain statement" of their claims.  <u>See</u> <u>e.g.</u>, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987 (9th Cir. 2007).  NCL America's twenty-third defense offers no defense and, thus, fails the notice pleading requirement.  Moreover, NCL America has by

now had sufficient discovery opportunities to make this vague

defense inappropriate.  The court grants summary judgment to the

EEOC on the twenty-third defense.

V.        CONCLUSION.

          NCL America's third, fourth, fifth, sixth, eleventh,

twelfth, and nineteenth defenses are no longer before the court,

having been withdrawn or rendered moot.  Based on this court's

previous decisions, the court grants the EEOC's Motion with

regard to NCL America's first, fifteenth, sixteenth, and

seventeenth defenses to the extent those are Rule 12(b)(6)

defenses going to the sufficiency of the pleading.  However, to

the extent those defenses raise substantive issues, those issues

are left for trial.

          Because the court concludes that the EEOC has fulfilled

its statutory obligation to investigate, the court grants the

EEOC summary judgment with regard to the seventh, eighth, ninth,

and tenth defenses.  NCL America's twentieth and twenty-third

defenses are not valid affirmative defenses, and the court grants

the Motion with respect to those defenses.  Lastly, because the

EEOC can seek classwide relief without fulfilling the

requirements of Rule 23 of the Federal Rules of Civil Procedures,

the court grants the EEOC summary judgment on the twenty-first

defense.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 25, 2008.



     /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


**EEOC v. NCL America, Inc., et al.**, Civ. Nos. 06-00451, 07-00372 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT NCL AMERICA, INC.