IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        and<br><br>AHMED ALMRAISI, NAGI A. ALZIAM, SAMED KASSAM, MUTHANA A. SHAIBI, NORK YAFAIE, ABDULLAH YAHIA, AHMED AL-MLHANY,<br><br>        Plaintiffs-Intervenors,<br><br>        vs.<br><br>NCL AMERICA, INC., and NCL (BAHAMAS), LTD.,<br><br>        Defendants.<br>_____<br><br>ASHMED ALMLHANY,<br><br>        Plaintiff,<br><br>        vs.<br><br>NCL AMERICA, INC.,<br><br>        Defendant.<br>_____ | CIVIL NO. 06-00451 SOM/BMK<br>CIVIL NO. 07-00372 SOM/BMK<br><br><br><br><br><br><br><br><br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING EEOC'S MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING EEOC'S
MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT

I.      INTRODUCTION.

      Defendants NCL America, Inc., and NCL (Bahamas), Ltd., appeal Magistrate Judge Kurren's Order granting Plaintiff EEOC's motion for leave to amend its complaint to add NCL (Bahamas),

Ltd., as a defendant in this case.  Defendants contend that there was no good cause for modifying the original scheduling order.  Magistrate Judge Kurren, "[h]aving considered and heard oral argument," granted the EEOC's motion to add NCL (Bahamas), Ltd., as a party.  Order Granting EEOC's Motion For Leave of Court to File First Amended Complaint (Feb. 20, 2008) ("Order") at 2.  Without waiting for a response to Defendants' appeal, the court affirms Magistrate Judge Kurren's ruling.

II.      STANDARD OF REVIEW.

Under Local Rule 74.1, a district court may set aside a Magistrate Judge's order regarding any nondispositive, pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is "clearly erroneous or contrary to law."  See also 28 U.S.C. § 636(b)(1)(A); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The "clearly erroneous" standard is significantly deferential.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Mathews v. Chevron Corp., 362 F.3d 1172, 1180 (9th Cir. 2004); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000).

III.     ANALYSIS.

Defendants have not met their burden of showing that Magistrate Judge Kurren's Order was clearly erroneous. Defendants argue that there was no good cause to set aside the original scheduling order because the EEOC was not "diligent[] in gathering the facts that it reasonably needed to identify NCL Bahamas as a defendant."  Motion at 4.  See e.g., Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("[The] 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  The EEOC's lack of diligence, Defendants claim, is demonstrated by the EEOC's failure to seek leave to amend until December 14, 2007, eleven months after the original deadline for adding parties on January 5, 2007.  Defendants also allege that, long before filing its motion to amend, the EEOC had constructive or actual knowledge of the material facts that form the basis of the motion.  Id. at 12.

The EEOC has conducted numerous depositions and has also issued extensive document requests, written interrogatories, and requests for admissions.  Plaintiff EEOC's Motion For Leave of Court to File First Amended Complaint (Dec. 14, 2007) ("EEOC Motion") at 7.  Discovery disputes and scheduling difficulties ensued, with neither side having been totally blameless.  The upshot was that the EEOC did not depose certain witnesses until November 2007.  Id. at 11.  Information learned from the November

2007 depositions formed the basis for the EEOC's motion to amend. Further, in the original Complaint, the EEOC named Norwegian Cruise Line, Ltd., as a Defendant.  Corporate disclosure reports and Defendants' filings in other courts gave the EEOC some basis for believing that Norwegian Cruise Line, Ltd., was doing business as NCL (Bahamas), Ltd.  Under these circumstances, Magistrate Judge Kurren did not clearly err in concluding that the EEOC was sufficiently diligent and that good cause existed to modify the scheduling order.

IV.     CONCLUSION.

For the foregoing reasons, the court denies Defendants' appeal of Magistrate Judge Kurren's Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 6, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**EEOC v. NCL America, Inc., et al., Civ. Nos. 06-00451, 07-00372 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING EEOC'S MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT**